**Joseph M. MARBLY, Plaintiff–
Appellant,**

v.

**SECRETARY OF THE TREASURY,
et al., Defendants–Appellees.**

**No. 01–1273.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

438

Before KEITH, ALAN E. NORRIS, and MOORE, Circuit Judges.

Joseph M. Marbly appeals a district court order that denied his petition for leave to file his civil rights complaint in which he sought to assert claims, inter alia, pursuant to 42 U.S.C. §§ 1985(3) & 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff has filed numerous federal lawsuits in which he has alleged that agents of the Internal Revenue Service (IRS) harassed him and kept him under surveillance after he filed employment discrimination complaints and lawsuits involving his employment with the IRS. *See Marbly v. Rubin,* No. 99–1384, 2000 WL 32009 (6th Cir. Jan.4, 2000); *Marbly v. Rubin,* No. 99–1071, 1999 WL 1023578 (6th Cir. Nov.5, 1999); *Marbly v. Rubin,* No. 98–2039, 1999 WL 775904 (6th Cir. Sept.24, 1999); *Marbly v. Rubin,* No. 98–1846, 1999 WL 645662 (6th Cir. Aug.13, 1999). Eventually, the district court entered an order enjoining plaintiff from filing any further vexatious lawsuits in an effort to relitigate these matters, and this court affirmed the district court's injunctive order on appeal. *Marbly v. Kay,* No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000).

Here, plaintiff filed a petition for leave to file yet another lawsuit involving alleged harassment at the hands of IRS agents. The district court denied the petition, and plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the district court erred in denying his petition for leave to file another complaint because his claims are not barred under the doctrine of res judicata.

Upon consideration, we affirm the judgment for the reasons stated by the district court in its order denying petition for leave to file complaint filed January 12, 2001. Essentially, plaintiff's complaint represents yet another attempt to litigate similar harassment claims against defendants associated with the IRS. Moreover, plaintiff's complaint does not state a claim upon which relief can be granted. *See Ana Leon T. v. Fed. Reserve Bank,* 823 F.2d 928, 930 (6th Cir.1987). Under these circumstances, the district court properly denied plaintiff's petition for leave to file his compliant.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.