**Joseph M. MARBLY, Plaintiff–Appellant,**

v.

**CITY OF SOUTHFIELD; Southfield Police Department, Chief; Internal Revenue Service; Department of the Treasury, Defendants–Appellees.**

No. 01–1778.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

*ORDER*

Joseph M. Marbly appeals a district court order that denied his petition for leave to file his civil rights complaint in which he sought to assert claims, inter alia, under 42 U.S.C. §§ 1985(3) & 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff has filed numerous federal lawsuits in which he has alleged that agents of the Internal Revenue Service (IRS) harassed him and kept him under surveillance after he filed employment discrimination complaints and lawsuits involving his employment with the IRS. Eventually, the district court entered an order enjoining plaintiff from filing any further vexatious lawsuits to relitigate these matters, and this court affirmed the district court's injunctive order on appeal. *Marbly v. Kay*, No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000).

Here, plaintiff filed another petition for leave to file another lawsuit involving alleged harassment at the hands of IRS agents and others associated with IRS agents. The district court denied the petition, and plaintiff filed a timely notice of

appeal. On appeal, plaintiff contends that the district court erred in denying his petition for leave to file another complaint because his claims are not barred under the doctrine of res judicata.

The district court properly denied plaintiff's petition for leave to file another complaint. As noted, plaintiff filed numerous other federal lawsuits alleging that he was harassed because of discrimination complaints filed regarding his IRS employment, and plaintiff has attempted to file many more in the wake of the district court's injunction. *See Marbly v. Dep't of the Treasury*, No. 01–1355, 2001 WL 1006473 (6th Cir. Aug.24, 2001); *Marbly v. Rubin*, No. 99–1384, 2000 WL 32009 (6th Cir. Jan.4, 2000); *Marbly v. Rubin*, No. 99–1071, 1999 WL 1023578 (6th Cir. Nov.5, 1999); *Marbly v. Rubin*, No. 98–2039, 1999 WL 775904 (6th Cir. Sept.24, 1999); *Marbly v. Rubin*, No. 98–1846, 1999 WL 645662 (6th Cir. Aug.13, 1999). Plaintiff's claims in this case are similar to claims asserted in many of plaintiff's prior federal lawsuits and attempted filings. Although plaintiff correctly notes on appeal that the specific instances of harassment alleged in his instant complaint could not have been alleged in his prior lawsuits because they had not occurred, plaintiff's complaint nonetheless represents yet another attempt to litigate the similar harassment claims against many of the same defendants. Moreover, plaintiff's complaint does not state a claim upon which relief can be granted because plaintiff's allegations are vague and conclusory, and plaintiff does not allege that any defendant acted in any manner that could give rise to a cognizable cause of action. *See Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987). Under these circumstances, the district court properly denied plaintiff's petition for leave to file his complaint.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.