**Joseph M. MARBLY, Plaintiff–Appellant,**

v.

**AMTRAK, Defendant–Appellee.**

No. 02–1228.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

*ORDER*

Joseph M. Marbly appeals a district court order that denied his petition for leave to file his civil rights complaint in which he sought to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., that representatives of Amtrak denied him equal access to Amtrak services because of his race (African American). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff has filed numerous employment discrimination complaints. Eventually, the district court entered an order enjoining plaintiff from filing any further vexatious lawsuits, and this court affirmed the district court's injunctive order on appeal. *Marbly v. Kay,* No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000). Despite the injunction, plaintiff unsuccessfully has attempted to file many more lawsuits. *See,* e.g., *Marbly v. City of Southfield,* No. 01–1778, 24 Fed.Appx. 476, 2001 WL 1587416 (6th Cir. Dec.11, 2001).

Plaintiff filed the instant petition alleging that Amtrak ticket agents refused to sell him a train ticket that another ticket agent indicated would be available, but instead sold him another ticket at a higher price than had been quoted. The district court denied the petition, and plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the district court erred in denying his petition.

Upon consideration, we affirm the order for the reasons stated by the district court. Title VII generally prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a). Plaintiff, however, did not allege employment discrimination in his complaint. Nor did plaintiff set out

a cognizable cause of action for racial discrimination by a commercial establishment cognizable under 42 U.S.C. § 1981 or otherwise. Specifically, plaintiff did not allege that he was denied a right that similarly situated persons outside his protected class were not denied. *See Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 867–73 (6th Cir.2001). Therefore, the district court properly denied plaintiff's petition.

Accordingly, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.