**Joseph MARBLY, Plaintiff–Appellant,**

v.

**SEVERAL KNOWN AND UNKNOWN NAMED EMPLOYEES OF THE FBI, et al., Defendants–Appellees.**

No. 03–1367.

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 2003.

Before: NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

*ORDER*

Joseph Marbly appeals a district court order that denied his petition for leave to file his civil rights complaint brought, inter alia, pursuant to the authority announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marbly has filed numerous federal lawsuits in which he has alleged that federal agents harassed him and kept him under surveillance after he filed employment discrimination complaints as well as lawsuits involving his former employment with the Internal Revenue Service. Eventually, the district court entered an order enjoining plaintiff from filing any further vexatious lawsuits in an effort to relitigate these matters, and this court affirmed the district court's injunctive order on appeal. *Marbly v. Kay,* No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000).

Here, plaintiff filed a petition for leave to file yet another lawsuit in which he sought to allege harassment at the hands of federal agents. The district court denied the petition, and plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that his claims are not barred under the doctrine of res judicata and that he stated claims upon which relief can be granted.

Upon consideration, we conclude that the district court properly denied plaintiff's petition for leave to file another complaint. As noted, plaintiff has filed numerous other federal lawsuits alleging harassment at the hands of federal agents. *See Marbly v. Southfield Mayor*, No. 01–2414, 2002 WL 1363554 (6th Cir. June 21, 2002), *cert. dismissed*, 537 U.S. 1042, 123 S.Ct. 627, 154 L.Ed.2d 512 (2002); *Marbly v. Mayor, City of Southfield*, No. 01–2073, 2002 WL 123583 (6th Cir. Jan.28, 2002), *cert. denied*, 535 U.S. 1036, 122 S.Ct. 1795, 152 L.Ed.2d 653 (2002); *Marbly v. City of Southfield*, 24 Fed.Appx. 476 (6th Cir. 2001); *Marbly v. Dep't of Treasury*, 22 Fed.Appx. 582 (6th Cir.2001), *cert. dismissed*, 536 U.S. 901, 122 S.Ct. 2382, 153 L.Ed.2d 177 (2002); *Marbly v. City of Southfield*, 22 Fed.Appx. 561 (6th Cir. 2001), *cert. denied*, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 225 (2002); *Marbly v. Mayor, City of Southfield*, 22 Fed.Appx. 558 (6th Cir.2001), *cert. denied*, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 225 (2002); *Marbly v. Sec'y of Treasury*, 23 Fed.Appx. 437 (6th Cir.2001), *cert. denied*, 534 U.S. 1107, 122 S.Ct. 909, 151 L.Ed.2d 876 (2002); *Marbly v. Summers*, 20 Fed. Appx. 484 (6th Cir.2001); *Marbly v. Dep't of Treasury*, 17 Fed.Appx. 390 (6th Cir. 2001); *Marbly v. Rubin*, No. 99–1384, 2000 WL 32009 (6th Cir. Jan.4, 2000); *Marbly v. Rubin*, No. 99–1071, 1999 WL 1023578 (6th Cir. Nov.5, 1999); *Marbly v. Rubin*, No. 98–2039, 1999 WL 775904 (6th Cir. Sept.24, 1999); *Marbly v. Rubin*, No. 98–1846, 1999 WL 645662 (6th Cir. Aug.13, 1999). Plaintiff's claims are similar to claims asserted in most of his prior federal lawsuits. Although plaintiff contends on appeal that instances of harassment alleged in his instant complaint were not alleged in his prior lawsuits because they had not occurred, plaintiff's complaint is simply another attempt to litigate similar harassment claims against the defendant federal agents. Moreover, the district court correctly concluded that plaintiff's complaint does not state a claim upon which relief can be granted given the repetitive and conclusory nature of his allegations. *See Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987). Under these circumstances, the district court properly denied plaintiff's petition for leave to file his complaint.

Accordingly, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.